[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S APPEAL OF FAMILY SUPPORT MAGISTRATE'S DECISION
On May 24, 2002, Family Support Magistrate Miller found the Defendant $68,784.56 in arrears on support payments and, pursuant to a Motion for Modification, increased his arrearage payments from $19 to $100 per week.
On May 24, 2002, the Defendant filed a fee waiver application, which was granted on May 29, 2002. The Defendant filed an appeal of this modification on June 14, 2002, 16 days after the granting of the fee waiver. The appeal did not certify that a copy was sent to anyone.
On July 23, 2002, the Plaintiff filed a motion to dismiss claiming, in part, that the court lacked jurisdiction because the Defendant's appeal was not filed within the statutory fourteen day time period and that the Defendant failed to make required service.
On September 10, 2002, State of Connecticut filed a Memorandum in Support of the Motion to Dismiss.
On September 13, 2002, a hearing was held on the Plaintiff's motion. The Defendant failed to appear and did not file a memorandum in opposition to the motion.
 LAW and DECISION
Conn. Gen. Stat. § 46b-231 (n) (2) requires that appeals from Family Support Magistrates be filed no later that fourteen days after the final decision. If a fee waiver application is filed, Conn. Gen. Stat. §46b-231 (n) (10) tolls the commencement of the fourteen day limit until the application is ruled on. In the present case, the Magistrate's decision was filed on May 24, 2002 and the fee waiver decision on May 29, 2002. The deadline for filing of an appeal was therefore June 12, CT Page 12547 2002, 14 days after May 29. The appeal was filed on June 14, 2002.
 "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Office of Consumer Counsel v. Dept. of Public Utility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995).
In addition, Conn. Gen. Stat. § 46b-231 (n) (2) requires that in "a IV-D case, such petitions shall be accompanied by a certification that copies of the petition have been served upon the IV-D agency . . . and all parties of record." It permits service on the IV-D agency to be "made by the appellant mailing a copy of the petition by certified mail to the office of the Attorney General in Hartford." The Defendant's appeal petition fails to indicate that service was made on either the agency or the office of the Attorney General. The place on the appeal form for listing those to whom service was made is blank. The Defendant failed to offer any evidence as to service and failed to appear for the hearing.
For these reasons, the appeal is dismissed. Starkey v. Starkey, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0219059 (August 14, 1992, Ballen, J.); Johnson v. Johnson, Superior Court, judicial district of Waterbury, Docket No. 096217 (Nov. 7, 1990,Byrne, J.); Tillman v. Miller, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 033 69 07 (April 2, 2001, Sheedy,J.)
Hiller, J. CT Page 12548